## THOMAS B. STANFIELD v. THE STATE.

AGGRAVATED ASSAULT—GUARDIAN AND WARD.—The indictment charged the accused with committing an aggravated assault on his ward in beating the child in a cruel, outrageous, and vicious manner, with intent to injure. The jury was instructed that if defendant inflicted a castigation upon the person of his ward with an unusual instrument, and one that was calculated to inflict serious injuries to his person, they must find him guilty: *Held,* error, because the charge made the instrument the test of unlawful correction, and this error was not corrected by a charge to acquit, "unless the chastisement was done in a cruel and vindictive manner," for that made the *manner* of the punishment and not its extent the test of guilt.

APPEAL from Guadalupe.   Tried below before the Hon. James A. Ware.

*John Ireland,* for appellant.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The defendant, being an adult male, is convicted for an aggravated assault upon a child.   The facts showed upon the trial that he was the guardian of the child.

The indictment, in anticipation that such would be the proof, perhaps charged the defendant with having beaten the child in a cruel, outrageous, and vicious manner, with intent to injure him.

It states no other specific ground of aggravated assault and battery, as mentioned in the code, (Paschal's Dig., art. 2150,) than that defendant was an adult male, and that the person beaten was a child.

The court in the charge to the jury submitted two other grounds, and also charged the jury that if defendant inflicted a castigation upon the person of his ward with an unusual instrument, and one that is calculated to inflict serious injuries to his person, they must find him guilty.

This makes the instrument the test of unlawful correction.

The charge asked and given does not mend the matter, which was that the jury could not convict the defendant " unless the chastisement was done in a cruel or vindictive manner." This made the unlawfulness of the correction depend upon the manner; from all which it is concluded that the jury was not properly instructed as to the law of the case.

The plain issues as presented by the pleading and evidence were: Was defendant an adult male and Thomas Albert Pettus a child? Did he strike him as charged as to time and place? Was the whipping inflicted upon the child for the purpose of correction by defendant as guardian of his ward? And was it moderate correction?

The evidence showing no controversy about the precedent issues, the main one was the one last presented, to to wit: " Was the correction moderate? " If it was, defendant was not guilty of an assault and battery at all. (Paschal's Dig., art. 2145.) If it was not moderate, but excessive, he was guilty as charged of an aggravated assault and battery by having exceeded the boundary of his legal right as guardian under the law, and placed himself in the attitude of a stranger and not a parent to the child.

It is true that the law has not laid down any fixed measure of moderation in the lawful correction of a child, nor is it practicable to do so. Whether it is moderate or excessive must necessarily depend upon the age, sex, condition, and disposition of the child, with all the attending and surrounding circumstances, to be judged of by the jury, under the directions of the court as to the law of the case.

Had the issues of fact and the law of the case been properly presented, the verdict might or might not have been different from what it was. Still, it is the right of

defendant to have them so presented as that the jury may understandingly pass upon the case.

Reversed and remanded.

REVERSED AND REMANDED.