C. KOUNS v. THE STATE.

3   13<br>37  159

1. CHARGE OF THE COURT. — The offense specifically charged in the indict-ment constitutes *the case* to which the evidence and the instructions of the court should be directed, and they should be restricted thereto unless that be an offense which includes minor degrees, and the facts call for instruc-tions on such degrees.

2. SAME — CASE STATED. —Indictment charged an aggravated assault "with a certain chair, a deadly weapon." The court gave in charge to the jury, not only the clause of the Code pertinent to aggravated assaults with deadly weapons, but also two other clauses relevant to such assaults committed under · different circumstances. *Held,* that such a charge was liable to mislead the jury, and, therefore, it was error to refuse to instruct them not to convict unless the assault was committed with a chair, and the chair, as used, was a deadly weapon.

3. SAME — "DEADLY WEAPON."— When an indictment charges an aggravated assault with a deadly weapon, and, as in the present case, specifies a weapon which, according to its use, may or may not be a deadly weapon, the jury should be instructed as to the meaning of the phrase, "a deadly weapon," in its application to the case made by the evidence.

APPEAL from the County Court of Johnson. Tried below before the Hon. H. W. BARCLAY, County Judge.

*M. A. Oatis,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WHITE, J. In the indictment it is alleged that the defendant committed the aggravated assault and battery, "with a certain chair, it being a deadly weapon." This

was the offense charged, and this the case which the state was required to make out.

After giving the statutory definitions of assault and assault and battery, the court proceeded to instruct the jury as follows: "An assault becomes aggravated when committed under the following circumstances: When a serious bodily injury is inflicted upon the person of another. When committed with deadly weapons under circumstances not amounting to an intent to murder or maim. When committed with premeditated design, and by the use of means calculated to inflict great bodily injury."

It will thus be seen that the court submitted to the jury two other grounds constituting an aggravated assault than the one presented by the indictment. He would have had as much right to have charged upon or submitted any other, or all the other, of the nine different grounds specified in the statute (Pasc. Dig., art. 2150) as these two. The charge must set forth the law applicable to the case (art. 3050), and the case is the offense stated in the indictment. *Stanfield* v. *The State*, 43 Texas, 167. The charge and proofs must conform to, and should be limited by, the specific offense as set forth in the indictment, except in cases admitting of lesser degrees, where it may be necessary to present the law applicable to such degrees.

The charge, to say the least of it, was calculated to mislead and cause the jury to consider other and different matters, as constituting the offense, than the one for which the defendant was indicted, to wit, an aggravated assault committed "with a certain chair, a deadly weapon." The subsequent portions of the charge did not correct this error, and, therefore, the court should have given to the jury the following instruction asked by defendant, which was refused: "If you find from the evidence that the defendant unlawfully struck Wolford with a chair, in order to convict him of committing an aggravated assault and battery the

jury must believe from the evidence that the chair so used by defendant was a deadly weapon." The refusal of the court to give this charge was duly excepted to by the defendant at the time, and a bill of the exceptions saved, and it is also assigned as one of the grounds of error. This instruction presented in a concise and pointed manner the matter, and the only matter, to be determined by the jury under the indictment as to defendant's guilt of an aggravated assault and battery.

The charge of the court is perhaps objectionable in another aspect, when considered in the light of the evidence adduced on the trial, and that is that it did not explain to the jury and define what was meant by the words " a deadly weapon." A chair is not necessarily a deadly weapon; whether it is such " must depend upon its size or weight, in connection with the manner of its use, and the part of the person that is stricken with it. A deadly weapon is defined to be ' one likely to produce death or great bodily injury.' " There may be chairs so small that they would not, when so used, be likely to produce death or serious bodily injury. *Skidmore* v. *The State*, 43 Texas, 93.

The judgment of the lower court is reversed and the cause is remanded.

*Reversed and remanded.*