## John Wilks *v.* The State.

Aggravated Assault — Indictment. — Appellant was convicted of aggravated assault, though the indictment assuming to charge that offense alleged merely that it was committed with brass knuckles. *Held*, that the indictment charged no more than a simple assault. To make it charge an aggravated assault it was necessary to further allege, in conformity with the statute, that the brass knuckles were a deadly weapon, or that serious bodily injury was inflicted with them on the person assaulted, or that the assault was committed with premeditated design and by the use of means, to wit, brass knuckles, which were calculated to inflict great bodily injury. The fact that the act of 1871, "to regulate the keeping and bearing of

deadly weapons," specifies brass knuckles among such weapons does not aid the indictment.

APPEAL from the County Court of Erath. Tried below before the Hon. W. KENNEDY, County Judge.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. The charge in the information is that the defendant " did make an aggravated assault and battery in and upon the body of J. D. Parnell, and that the said Wilks then and there, with brass knuckles had and held in his hand, did strike, beat, wound, and other injuries on the body of him, the said Parnell, did inflict, contrary to law," etc.

The verdict found him guilty of an aggravated assault, and assessed a fine of $100.

A motion in arrest of judgment was made, the second, third, and fourth grounds of which presented the question as to whether or not the information was good for an aggravated assault, and would support a judgment for that offense. This motion was overruled, and a bill of exceptions was promptly saved to the action of the court upon it.

We are of opinion that the motion was well taken, and, consequently, that the court erred in overruling it. It is true " brass knuckles " are named and classed with the other weapons enumerated in "An act to regulate the keeping and bearing of deadly weapons " (2 Pasc. Dig., art. 6512), but that fact alone would not, and does not, obviate the necessity of charging in the indictment or information for an aggravated assault, under the provisions of article 6536, either that they were a " deadly weapon " or that " serious bodily injury was inflicted upon the person as-

saulted " with them, or that " the assault was committed with premeditated design, and by the use of means [brass knuckles, which were] calculated to inflict great bodily injury."

Where the assault was alleged to have been committed with a pistol, and the lower court instructed the jury that " a pistol is a deadly weapon," the Supreme Court held that the charge was error ; that it was not correct either as matter of law or fact. See *Skidmore* v. *The State*, 43 Texas, 93.

The information in this case charged the defendant only with the commission of a simple assault, and the motion in arrest of judgment should have been sustained. The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*