4   175
30  557

## JAMES BEAVERTS *v.* THE STATE.

ASSAULT BY AN OFFICER. — An officer authorized to make arrests may, if resisted in so doing, employ the force necessary to overcome the resistance; but he must resort to no greater force than is reasonably necessary to secure the arrest and detention of the accused.

APPEAL from the District Court of Hood. Tried below before the Hon. A. J. HOOD.

The judgment appealed from was rendered before the Constitution of 1876 took effect. The opinion discloses the case.

*A. T. Watts*, for the appellant, filed an ingenious and forcible brief.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J. The appellant was indicted in the District Court of Parker County for an aggravated assault and battery upon the person of one John Gilmore. On motion of the accused the case was removed, by change of venue, to Hood County, where the case was tried, the accused being convicted of a simple assault and fined $50.

The accused attempted in the court below to justify his conduct upon the ground that he was an officer, namely, town marshal, and that he was resisted in an attempt to make an arrest of the person alleged to have been assaulted at the time it is charged the assault was made.

It is not shown that the injured party had committed, or was accused of having committed, any offense which would have justified the marshal in arresting him without a warrant, or that the marshal had been verbally ordered to make an arrest by any magistrate authorized by law to give such order; nor is it shown that the marshal was clothed with any warrant, or other authority whatever, for making an arrest of the person assaulted; nor is it shown that the marshal made his business and purpose known at the time. Nor yet is it shown that the person assailed was a violent or dangerous person, nor that he was armed, or in condition to inflict any serious injury upon the marshal and the *posse*

of three others who were aiding him in overpowering the assaulted person by main force.

On the contrary, the attack was made upon this person whilst he was quietly taking his meal at the table of a public hotel in the town, when he was rudely seized and thrown upon the floor by the marshal, and compelled by force to yield. The most that is shown is that subsequently he was moving towards the marshal with hands uplifted, saying he would not be arrested, when he was stricken by the marshal over the head with a pistol with such violence as to fell him helpless and senseless to the floor. The only wonder is how the accused escaped, under the evidence, with being convicted of a simple assault.

An officer having lawful authority to make arrests may, on meeting with resistance, employ such force as may be necessary to overcome such resistance.

" In making an arrest, all reasonable means are permitted to be used to effect it. No greater force, however, should be resorted to than is necessary to secure the arrest and detention of the accused." Code Cr. Proc., art. 229 (Pasc. Dig., art. 2697); *Skidmore* v. *The State*, 43 Texas, 93; *Skidmore* v. *The State*, 2 Texas Ct. App. 20.

The law of the case as made by the evidence was clearly enunciated in an able charge to the jury, and the evidence was amply sufficient to warrant the verdict and judgment. The various propositions set out in the assignment of errors have all been considered to the extent their importance demands; and, finding no error in the judgment of which the appellant can justly complain, it is affirmed.

*Affirmed.*