[No. 3453.]

## A. C. BELL *v.* THE STATE.

1. INFORMATIONS — COMPLAINT — PRACTICE.— See the statement of the case for a complaint *held* to be sufficient notwithstanding the omission of words and the erroneous recital that it was sworn to by the accused instead of the injured party, and see the opinion for the reasons for the ruling.
2. AGGRAVATED ASSAULT — DEFINITION OF "CHILD."— Article 496 of the Penal Code declares an assault *aggravated* "when committed by an adult male upon a female or child." Inasmuch as no statutory definition of the word "child" has been given, that word must, as directed by article 10 of the Penal Code and article 59 of the Code of Procedure, be taken and construed in the sense in which it is understood in common language, and in that

sense it means a young person as contradistinguished from a person whose age implies settled habits and discretion. As used in said article 496 the word *child*, when applied to a boy, means a male not above the age of fourteen, and when applied to a girl it means a female not above the age of twelve; at which periods the sexes respectively attain to the age of puberty.

3. Evidence.— In the trial of a school teacher for an aggravated assault and battery upon his pupil, the parties waived a jury and submitted the case to the judge. There was no evidence of the age of the pupil at the time of the assault, but the witnesses concurred in calling him a " boy." *Held*, that the evidence suffices on appeal to support the allegation that the injured party was a child, and the conviction is affirmed.

4. Practice in the Court of Appeals.— When a misdemeanor case was submitted to the trial judge and a jury waived, and there is a conflict in the evidence for the State and that for the defense. his findings of fact are tantamount on appeal to the verdict of a jury, inasmuch as he was better circumstanced than this court can be to pass upon the credibility of the witnesses.

Appeal from the County Court of Collin. Tried below before the Hon. T. C. Goodner, County Judge.

The subject-matter of the first head-note is the complaint or affidavit on which was based the information against the accused. That document is as follows:

" The State of Texas, }
    *County of Collin.* }

" Personally, before the undersigned authority, this day came and appeared John Moore, who, after being by me duly sworn, on oath deposes and says that heretofore, on the 7th day of December, in the year of our Lord one thousand eight hundred and eighty-three, in the said county of Collin and State of Texas, one A. C. Bell, late of said county and State, with force and arms did then and there, before making this affidavit, unlawfully commit an aggravated assault and battery upon the person of him, the said John Moore, by then and there striking, beating and bruising him, the said Moore, with intent to injure him; he, the said John Moore, being then and there a child, and he, the said A. C. Bell, being then and there an adult male person; contrary," etc. (Jurat before said county attorney.)

A fine of $25 was adjudged against the appellant as his punishment. Other matters of fact are sufficiently disclosed by the opinion of this court.

*John Church*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.   It is claimed as fundamental error that the affidavit or complaint upon which the information is based charges or states that Bell, the accused, makes the affidavit, and not the party assaulted.   The recitals are awkward, and doubtless a word or so which can be easily supplied are omitted, but, taking the affidavit as a whole, and the fact that it is signed by John Moore, whom the county attorney certifies was the party who subscribed and swore to the same, and who in the body of the affidavit is stated to be the party who did personally appear, was sworn and deposed, and it is sufficiently clear that he is the party making the complaint againt Bell, and not Bell making an affidavit against himself.   As a complaint it is in substantial compliance with the requisites of the statute (Code Crim. Proc., art. 236), and sufficiently charges the commission of the offense by the accused, Bell.   (*Brown* v. *The State*, 11 Texas Ct. App., 451.)   A complaint is not required to set forth the offense with the same particularity that is required in an indictment or information.   (*Arrington* v. *The State*, 13 Texas Ct. App., 551.)   That portion of the information to which this same objection applies might and can be stricken out as surplusage, and the remaining portions of said information sufficiently charge the offense.

As charged in both the complaint and information, the offense was an aggravated assault and battery committed by an adult male upon the person of a child.   The language of the statute is followed in the charge.   Article 496, subdivision 5, declares an assault aggravated " when committed by an adult male upon the person of a female or child."   What is the meaning of the words " adult male " as used in the statute has frequently been defined (10 Texas Ct. App., 410; 11 Texas Ct. App., 95; 12 Texas Ct. App., 174; 13 Texas Ct. App., 192; 16 Texas Ct. App., 6), but the proper meaning of the word " child " has not, if our recollection serves us, ever been defined.   There is no difficulty in its definition, however, when our statutory rules of construction are applied.   One of these rules is that " words which have their meaning specially defined shall be understood in that sense though it be contrary to their usual meaning, and all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject-matter relative to which they are employed."   (Penal Code, art. 10.)

Again:   " All words and phrases used in this Code are to be taken and understood in their usual acceptation in common language, except where their meaning is particularly defined by law."   (Code Crim. Proc., art. 59.)

Resort, then, must be had to the common meaning and acceptation of the word "child." Mr. Webster defines it to mean "a young person of either sex; hence one who exhibits the character of a very young person;" and this is its common acceptation. It means a young person as contradistinguished from one of age sufficient to be supposed to have settled habits and fixed discretion. Mr. Webster defines the word "boy" to mean "a male child from birth to the age of puberty;" and "puberty" in civil law is "the age in boys of fourteen and in girls of twelve years." (Bouvier, Law Dic.) As the law now stands, we believe that the age of fourteen in boys and twelve years in girls limits the age of childhood.

The members of this court recommended to the nineteenth Legislature (see Report of Attorney-General, 1885, p. 18) that subdivision 5 of article 496 be amended so as to settle this question and several others that have been unnecessary sources of trouble and annoyance to the courts, and they declined to adopt the recommendation or amend the law in any respect. We therefore announce the above as the ages at which a boy and girl cease to be children, and after which neither can be legally denominated a "child" in contemplation of this statute.

In the case we are considering there was no evidence as to the age of the injured party. Defendant was a school teacher, and the injured party his pupil. The case was tried by the judge without the intervention of a jury, upon agreement of parties. The injured party as well as defendant was before the court, and the injured party testified at the trial. All the other witnesses who testified, in speaking of the injured party, spoke of him as "a boy." If he was "a boy," then he was "a child" under Mr. Webster's definition, *supra*. As to the sufficiency of the other evidence to make out an aggravated assault committed by a teacher against or upon a scholar, whilst the evidence was in some particulars conflicting, we are not prepared to say that it was not sufficient under the rules laid down in *Stanfield* v. *The State*, 43 Texas, 167, and *Dowlen* v. *The State*, 14 Texas Ct. App., 61.

Where a case is tried by the judge without a jury, the same rule obtains with regard to his judgment, if there is a conflict of evidence, as governs in considering the verdict of a jury; the judgment will not be interfered with, because he was in a better attitude and situation to pass upon the credibility of witnesses than this court.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

[Opinion delivered April 22, 1885.]