

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Texas State Parks Board
Austin, Texas

Gentlemen:    Attention:  Hon. Will Mann Richardson,
                     Chief Clerk

                  Opinion No. O-873
                  Re:  Authority of keepers of State Parks
                        to arrest or eject for disturbing the
                        peace and to arrest or eject a person
                        disobeying rules and regulations of
                        Park Board

        This will acknowledge receipt of your request
that this Department give you its opinion relative to
the authority of keepers, appointed by the Texas State
Parks Board by authority of Article 6069, Revised Civil
Statutes of Texas, 1925, and its answer to certain
questions, which we have for convenience restated as
follows:

        1.  Could such a keeper arrest a person
disturbing the peace in a State Park, and take
him before a Justice of the Peace?

        2.  Would a keeper be justified in using
force to eject from the Park such a disturber
of the peace?

        3.  Could such a keeper arrest a person for
selling or using intoxicating beverages in a
state park in violation of a rule or rules, pro-
mulgated by the board, prohibiting same?

        4.  Could such a keeper eject from the park,
a person found violating the rules or rules re-
ferred to in Question 3 above?

        The power and duties of the State Parks Board
are set out in Articles 6067-6077, inclusive, and Article

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

6081e, sections 3-5, R. C. S. of Texas, 1925. The authority for hiring a keeper is contained in the second paragraph of Article 6069, supra, which we quote:

> "It shall further be the duty of said Board to arrange for or employ a keeper in each of the State Parks under the control of said State Parks Board, who shall be clothed with all the powers and authority of a peace officer of the county, for the purposes of caring for and protecting the property within said parks."

The last clause in the above quoted paragraph suggests the question, whether it should be interpreted as limiting the exercise of the keeper's powers and authority as a peace officer to "caring for and protecting the property within said parks", or whether it merely explains why the Legislature saw fit to provide for a keeper. In our opinion, the latter interpretation is proper. This view is strengthened by the probability that large numbers of people will congregate in the parks from time to time, who should be given some protection, in addition to that normally furnished by the county peace officers. If the clause in question were interpreted to so limit the keeper's powers and authority as a peace officer, he would have no more authority to protect persons seeking rest, recreation, and pleasure in the parks, than would any other private citizen.

The powers and duties of a county peace officer are coincident with those of sheriff and constable. Code of Criminal Proc., 1925, Art. 36. They are those set out in the Constitution and Statutes of this state, subject, of course, to the construction placed upon them by the courts.

Any question as to the constitutionality of a statute clothing others than those set out in the Constitution with the powers of a peace officer, is settled by the case of Neff v. Elgin, 270 S. W. 873 (writ of error refused), wherein the court said:

> "There is no provision of the Constitution expressly denying to the Legislature the power and authority to create other agencies than those named in the Constitution for the preservation of law and the

suppression of crime. There is nothing
in the Constitution that by legitimate im-
plication forbids other agencies than those
named for upholding and enforcing law and
preserving order and peace."

Coming now to your first question, it is our
opinion that the keeper of a state park, not only can
arrest a person for disturbing the peace in the park,
but that it is his <u>duty</u> to do so; and further, that he
can take the person before a Justice of the Peace for trial.

The quoted article gives the keeper the powers
and authority of a county peace officer but does not ex-
pressly impose upon him the duties of a peace officer.
However, the article which provides the powers of a
peace officer, Code of Crim. Proc. 1925, Article 37, also
imposes upon him certain duties, and we think they are
corollaries, one of the other. These duties imposed on
all peace officers would, therefore, be imposed on a
keeper. Obviously, the purpose of the Legislature in
conferring the powers and authority of a peace officer
on the keeper of a State park was to aid in caring for and
protecting the property within the parks and to protect
those persons choosing to come there for recreation. Can
it be said that the failure of the Legislature to express-
ly impose the duties of a peace officer on such a keeper
has the effect of making it optional with him, either to
arrest or not to arrest, for a violation of the law with-
in the park? To ask the question is to answer it.

With reference to your second question, it is
our opinion that the keeper of a state park would not be
authorized to use force to eject a man from the park
for disturbing the peace. His clear duty in such an in-
stance would be to arrest the violator. He would be au-
thorized to use such force as reasonably necessary to
effect the arrest, and no more. Skidmore v. State, 43
Tex. 93. The authority of a peace officer to use force
<u>obtains only</u> during the course of an arrest, and the use
of force to eject a disturber of the peace from the park
not as a part of an arrest, would be without the limits
of that privilege. Hudley v. State, 81 Tex. Crim. Rep.
39, 194 S. W. 160. Should a keeper attempt to forcefully
eject a person, not as a part of an arrest, he would be
guilty of an assault and battery. Skidmore v. State,
supra.

The Texas State Parks Board has the right to promulgate rules and regulations under Article 6070a, R. C. S. of Texas, 1925, which we quote in part:

"Sec. 1. The State Park Board is hereby authorized to grant concession in State Parks and to make concession contracts for any causeway, beach drive or other improvements in connection with State Park sites, wherever feasible. The monies then earned by the State Parks Board shall, when collected be placed in the State Treasury. The Board may make such rules and regulations for the carrying out of this Act and the laws of this State relative to State Parks, as it may deem necessory not in conflict with law." (Emphasis ours).

But, has the keeper the right to make an arrest for the violation of the rules as such, that is, if no right to arrest would exist except for the rule, could the rule alone confer that right on the keeper, or any peace officer? Clearly, a violation of a rule of the Board alone cannot be the predicate for an arrest. There must be some other authority; the act must have been made a penal offense by statute. Penal Code, 1925, Articles 1-3.

With regard to a keeper's making an arrest for a violation of the rule prohibiting the possession of an intoxicating beverage in a state park, it is our opinion, and you are so advised, that he could not legally do so because mere use of intoxicating liquor is not a crime in Texas; the manner in which it is used or the action and conduct of a person accompanying or resulting from such use may or may not constitute the basis for an arrest. The Legislature has not seen fit to make mere use of intoxicating beverages a penal offense, nor has it made it a penal offense to violate certain rules and regulations of the State Parks Board. Before an act is one which will justify an arrest in Texas, it must have been made a penal offense and a punishment provided, by statute. Penal Code, 1925, Articles 1-3; Kerley v. State, 89 Tex. Cr. Rep. 199, 230 S. W. 163.

Regarding the authority of a keeper to arrest a person for selling intoxicating beverages in a state park, he might have such authority, but it would not be because it constituted a violation of the rule promulgated by the Board. It would be because it was prohibited by some provision of the Texas Liquor Control Act, Title II, Chapter 8, Articles 666 and 667, Penal Code, 1925, or other statutory provision prohibiting same. If a person were caught in a state park violating the statutory law with regard to the sale of intoxicating liquor, a keeper would have the same right to arrest as would any peace officer.

We pause here to note that the rule of the State Parks Board regarding the sale of intoxicants in the parks is not wholly ineffective. It does define the policy of the Board with regard to the sale of intoxicants in state parks. For example, the concessionaires operating as they do under contracts with the Board, would be subject to such rules and regulations, if made conditions in their contracts. Article 6070a, b, supra. Without a right to sell on the premises described in their application, they could not get a permit from the Texas Liquor Control Board. They, like any other person selling liquor in the parks, without such a permit would be subject to arrest. Article 666, supra.

Then, in answer to your third question, it is our opinion that the keeper of a state park cannot legally arrest a person for violating the <u>rule promulgated by the Board</u> prohibiting the sale of liquor in state parks, as such, but can legally arrest a person when a violation of the rule <u>also</u> constitutes a violation of the law regulating the sale of intoxicating beverages generally.

Your fourth question has been answered under questions two and three. You did not use the term force in your fourth question but we do not think that would alter our answer as the word eject, as used in this instance, connotes that such means will be used as necessary to accomplish a physical ejection. This, to us,

means force, not verbal persuasion. Then, assuming
that you mean ejection by force, it is our opinion
that the keeper of a state park cannot legally eject
a person therefrom for violating the Board's rule
prohibiting the sale or use of intoxicating beverages
in the park for the reasons given in answer to question
number two.

In this connection, however, we wish to direct
your attention to the fact that when using the term, "an
arrest", we refer to a "legal" arrest. The laws of Texas
expressly make legal arrests of an offender without
warrant, in certain cases only, e. g. when the offense
is committed in the presence or within the view of the
officer, if the offense is one classed as a felony, or
as an "offense against the public peace". (Art. 212
C.C.P. 1925, et seq.) Likewise, an officer may arrest,
without warrant, on the verbal order of a magistrate
if the felony or breach of the peace has been com-
mitted "in the presence or within the view" of such
magistrate. There are other exceptions where an arrest
without warrant is permitted (such as for violation
of the laws regulating motor vehicles, felons about to
escape, persons carrying illegal firearms, etc.), but
any arrest without warrant to be legal must come within
the scope of the exceptions to the general rule. Other-
wise, the officer, to be protected, must procure a war-
rant. See Rutherford vs. State, 283 S. W. 512; Lynch
vs. State, 57 S. W. 1150; Williams vs. State, 142 S. W.
900.

We trust that this satisfactorily answers your
inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

James Noel
Assistant

JN:BT

APPROVED
OPINION
COMMITTEE
BY BWB.
CHAIRMAN